IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  06-10072 |
| ) | |
| CORY D. MOSBY, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO MOTION TO SUPPRESS**

Now comes the United States of America by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Bradley W. Murphy, Assistant United States Attorney for the Central District of Illinois, and in response to defendant's Motion To Suppress, states as follows:

I.   Factual Background

   A.   On August 23, 2006, members of the Peoria Police Department's Special Investigations Division (SID) conducted surveillance of Cory Mosby at 2401 N. Gale in Peoria after receiving information that was a cocaine trafficker.  Around 3:45 p.m. that afternoon, Mosby left apartment Y10 and went to a car parked nearby.  His girlfriend, Ashley Hunter, followed him and a domestic dispute occurred in the parking lot.  At one point in the argument Hunter was observed with a knife puncturing the tires on the car occupied by Mosby.

1

B.  A short time later, Mosby began walking down Gale Avenue carrying a white plastic bag. Hunter followed him and another confrontation occurred on the street. After five minutes of arguing, a black mini-van pulled up to them. Mosby and Hunter entered the van. Although registered to Hunter, the van was driven by an unknown female to the Lexington Hills Apartment Complex, where the driver exited. Hunter then began driving and pulled into the Methodist Medical Center Emergency Room parking lot where she exited and went into the Emergency Room. Mosby exited and walked southbound on Hamilton Street, again carrying the white plastic bag.

C.  The surveillance continued as Hunter left the Emergency Room after a few minutes and drove the black mini-van to Mosby's location and picked him up. A nurse in the Emergency Room confirmed that Hunter had a laceration to her finger which required treatment but was unaware that Hunter had left the hospital without medical attention. Knowing that Hunter had damaged the car earlier occupied by Mosby, and that she had been injured, the police stopped the mini-van shortly after 5:00 p.m. to check on her welfare.

D.  Uniform Patrol Sergeant Mushinsky approached the vehicle after it pulled over in the 1000 block of West Lincoln Street. He observed Mosby reach into a white plastic bag located between the driver and front passenger seat. Sgt. Mushinsky inquired about Hunter's injury and asked her if she still had the knife. Hunter said she did not have the knife and gave the

        officers permission to search her vehicle. During the search, approximately half of a kilo of cocaine base, $15,800.00 currency, and a scale were located in the white plastic bag. A 9mm pistol was found behind the passenger seat.

    E.    Hunter later gave a written consent to search her apartment and a .45 caliber pistol was located in a closet. Mosby waived his Miranda warnings and gave a statement to police in which he admitted possession of the crack cocaine and both guns.

II.    Analysis

    A.    The police had probable cause to stop and arrest Hunter for Criminal Damage to Property. See 720 ILCS 5/21-1.

    B.    The police had the authority to search her vehicle, either:

        1.    Incident to her arrest, *United States v. Lewis*, 910 F.2d 1367, 1370 n.2 (7th Cir. 1990), citing *New York v. Belton*, 453 U.S. 454, 460 (1981), or

        2.    Pursuant to her consent to search. See *United States v. Maldonado*, 38 F.3d 936, 940 (7th Cir. 1994); *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973)

    C.    In addition, the stop of Hunter's vehicle was reasonable to check on the welfare of a citizen (Hunter) known to be injured. Police are permitted to ask questions "reasonably prompted by the concern for the public safety." See *New York v. Quarles*, 467 U.S. 649, 656 (1984).

III.    Conclusion

The defendant's Motion to Suppress should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY


**s/: BRADLEY W. MURPHY**
BRADLEY W. MURPHY
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, 4th Floor
Peoria, Illinois 61602
Telephone: 309.671.7050

## CERTIFICATE OF SERVICE

I hereby certify that on **November 14, 2006**, I electronically filed the plaintiff's

**RESPONSE TO MOTION TO SUPPRESS** with the Clerk of the Court using the

CM/ECF system which will send notification of such filing to the following:


**Spencer Lee Daniels**


**s/: Margo Scamp**
**Margo Scamp**
Legal Assistant
Office of the United States Attorney
One Technology Plaza
211 Fulton Street, 4th Floor
Peoria, Illinois 61602
Telephone: 309.671.7050