UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
|     **Plaintiffs,** ) | |
| ) | Docket No. 06-10072 |
|     vs. ) | |
| ) | |
| **CORY D. MOSBY,** ) | |
|     **Defendant.** ) | |

## MEMORANDUM IN SUPPORT OF THE
## MOTION TO SUPPRESS PHYSICAL EVIDENCE

Now Comes the Defendant, CORY D. MOSBY, by and through his attorney, SPENCER LEE DANIELS, and for his Memorandum in Support of the Motion to Suppress Physical Evidence states as follows:

### FACTUAL BACKGROUND

On August 23, 2006, the police allegedly saw the Defendant's girlfriend, Ashley Hunter, injure herself by attempting to cut the tires of a vehicle that was owned by the Defendant. Ashley Hunter then drove to Methodist Medical Center parking lot where she went to the emergency room and left the emergency room. The police in discussing the alleged injury of Ashley Hunter with a nurse confirmed that she had a cut on her finger. Said conversation between the nurse and the police officer was in violation of Illinois State Law, HPAA. The police, by walkie talkie, notified another police officer to stop the vehicle in which Ashley Hunter was driving.

### ANALYSIS

A. The police officer who stopped the vehicle only stopped the vehicle for the alleged purpose to check on the driver as to an alleged injury that she had that was not treated.

B. That the information received by the police officer was in violation of Illinois State Law and was an invasion of privacy of the driver, Ashley Hunter.

C. The motive of the police was to stop the vehicle only to search it without any probable cause and even if the motive was to determine the physical welfare of the driver, said motive is insufficient to stop said vehicle.

D. The police did not have authority to stop the vehicle because of the alleged injury to the driver, *United States v. Lutz,* 207 F.Supp.2d 1247 (2002). In said case, the Federal Court ruled that the public safety exception as stated in the prosecution's brief requiring Miranda warning stopped during custodial interrogations exist when the need for answers in a situation poses a threat to public safety which outweighs the need for the protection of the Fifth Amendment Right against self-incrimination. The case cited by the prosecution only deals with Miranda warnings and not on the public safety issue as to stopping a vehicle. Also, in *United States v. Lutz,* the fact that the Defendant had swallowed drugs was insufficient to show that there was a public safety issue. Under the facts of this case, the alleged laceration of a finger would be insufficient to pull over said vehicle.

E. That the motive of the police officer in pulling over the vehicle is important in regard to whether or not this was a proper stop, *United States v. Kordosky,* 878 F.2d 991 (1989). That Court specified that the arresting officer's motive is relevant to establishing the facts that the officer knew at the time of the arrest. At the time of the stop of this vehicle, the officer that actually stopped the vehicle only knew information as to the alleged laceration of the driver's finger. This is insufficient for the police to stop said vehicle. The other allegations made by the prosecution as to reasons that they could have stopped the vehicle was not sufficient since that was not the motive of the police officers, nor was the driver arrested or attempted to be arrested for any crime. Further, the police could have arrested the driver of the vehicle prior to this incident since she was under surveillance at all times.

Wherefore, the Defendant, Cory D. Mosby, requests this Court to grant said Motion to Suppress after the hearing on said Motion.

                                      Respectfully submitted,

                             By:  **/s/ Spencer Lee Daniels**
                                 SPENCER LEE DANIELS

Attorney for Defendant:
SPENCER LEE DANIELS
411 Hamilton Boulevard, Suite 1304
Peoria, Illinois 61602
Tel:   (309) 673-1400
Fax:   (309) 673-3960

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by depositing a copy thereof in the U.S. mail, postage prepaid, in an envelope addressed to each of the attorneys of record herein at their respective addressed disclosed on the pleadings on November 22, 2006.

Assistant U.S. Attorney
Bradley W. Murphy
221 Fulton Street, Suite 400
Peoria, Illinois 61602


/s/ Susan K. Benedict
Susan K. Benedict, Legal Assistant


Attorney for Defendant:
SPENCER LEE DANIELS
Attorney at Law
411 Hamilton Boulevard, Suite 1304
Peoria, Illinois 61602
Tel:    (309) 673-1400
Fax:    (309) 673-3960