**E-FILED**
Friday, 11 May, 2007 07:34:33 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS AT PEORIA

| | |
|---|---|
| UNTITED STATES OF AMERICA ) | |
| ) | |
| ) | **No. 06-10072** |
| v. ) | |
| ) | |
| ) | |
| **CORY MOSBY** ) | |
| ) | |

### NOTICE OF FILING

Bradley W. Murphy
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, 4th Floor
Peoria, Illinois  61602
309/671-7050

    **PLEASE TAKE NOTICE** that on May 11, 2007, the undersigned electronically filed with the Clerk of the United States District Court for the Central District of Illinois, the Post Trial Motion, service of which is being made upon you.

    Respectfully submitted,

  s/ Chester Slaughter
    Chester Slaughter
    7318 S. Cottage Grove Avenue
    Chicago, Illinois 60619
    773/846-0500

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS AT PEORIA

| | |
|---|---|
| UNTITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 06-10072 |
| vi. ) | |
| ) | |
| ) | |
| **CORY MOSBY** ) | |
| ) | |

## DEFENDANTS POST TRIAL MOTION FOR NEW TRIAL

NOW comes the Defendant, **CORY MOSBY**, by and through his attorney, **CHESTER SLAUGHTER**, and requests this Honorable Court to grant him a New Trial and in support thereof submits this Motion.

### ISSUE

(a) Whether the court erred in failing to grant Defendant's motion To Suppress Evidence.

(b) Whether the Government proved Cory Mosby guilty, beyond a reasonable doubt of possession of cocaine base with intent to distribute, guilty of possession of a firearm in furtherance of drug trafficking, and guilty of possession by a felon.

### CONCLUSION (S)

The court erred when it found Ms. Hunter's credibility to be suspect during her testimony at the motion to suppress. In addition the court erred when it found that Ms. Hunter gave consent to search the car. The court further erred when it found probable cause to search the car and the white plastic bag.

The court erred when it found that there was probable cause to stop a car the Defendant was riding in and place the Defendant under arrest and subsequently question the Defendant and introduce into evidence an oral statement made by the Defendant after an illegal arrest.

The Government failed to prove beyond a reasonable doubt that the Defendant knew or had reason to know that there was a gun hidden in the back front passenger seat. The

government failed to prove beyond a reasonable doubt that the Defendant possessed a firearm in furtherance of drug trafficking, and possession of a firearm by a felon.

## FACTS

The Government's primary witnesses in this case are police officers from the City of Peoria Police Department who had established a surveillance of the Defendant who was living with Ms. Ashley Hunter at 2401 North Gale in Peoria. The evidence showed that certain police saw Mr. Mosby at approximately 3:46 p.m. exit the rear door of the apartment and go to a Dodge Intrepid that was parked in the parking lot, he got into the car on the driver's side and was followed by Ms. Hunter. Ms. Hunter attempted to close the driver door but was unable to do so. It appeared as if they were arguing. Ms. Hunter then went back into the apartment. Mr. Mosby then returned to the apartment.

Approximately five minutes later, Ms. Hunter came out of the apartment and it appeared as if she was stabbing the tire, she then went back inside. About a minute later she came back and was carrying a kitchen knife and slashed the tires on the car. About five minutes later Mr. Mosby walked from the apartment to University Avenue, and shortly thereafter, Ms. Hunter came out of the apartment and walked in the same direction in back of Mr. Mosby. Mr. Mosby was carrying a white plastic bag.

Mr. Mosby and Ms. Hunter were at the intersection of University and Gale for a few minutes when they were picked up by a black minivan. The black mini van was observed driving to the Lexington Hills apartments. The driver of the vehicle exited the vehicle, went into an apartment. Ms. Hunter drove the mini-van with Mosby in the back seat. Ms. Hunter drove to the Methodist Medical Center and went into the emergency room. Mr. Mosby exited the van carrying the white bag and began walking south on Hamilton. About three minutes later, Ms. Hunter exited the emergency room, got in mini-van and drove down to Mr. Mosby.

The officers then went into the hospital and were given information that Ms. Hunter had an injury to her finger. At some point Mr. Mosby got back into the car and the police made a decision to make a stop of the vehicle.

Prior to the stop the police never saw Mr. Mosby breaking any laws of the City of Peoria, or State of Illinois. There was a white bag found inside the car, and a weapon which was hidden in the back of the front passenger seat.

**SEVENTH CIRCUIT LAW ESTABLISHES THAT THE POLICE DID NOT HAVE A REASONABLE AND ARTICULABLE BASIS TO STOP THIS CAR AND ARREST MOSBY**

In the United States v. *Packer*, 15 F.3d 654 (7th Cir. 1994) at issue before the Seventh Circuit was whether the police unreasonably seized a shotgun from the occupant of a car without a reasonable and articulable suspicion of criminal activity. The factual scenario in *Packer* is instructive for this case.

In *Packer*, at 1:00 a.m. the police received a citizen's telephone call about a suspicious yellow and black Cadillac with four (4) black male occupants parked in a predominately black neighborhood. The police had no other information indicating that the vehicle or its occupants had been involved in any criminal activity. The police located the parked Cadillac, pulled up behind it, and shined their spotlight on the parked Cadillac. The police approached for a field interview and ordered the four (4) male black occupants to put their hands over their heads. While the police approached, the defendant exited from the rear right door of the Cadillac. The police did <u>not</u> order the defendant to exit the Cadillac. As the defendant stepped out of the Cadillac, the police observed a shotgun protruding from under the defendant's coat. The police grabbed the defendant and removed the shotgun from within his coat. The defendant was charged with unlawful possession of a firearm by a felon. The district court fount the officer's intrusion on the parked Cadillac was less than the diversion of a car in transit. The district court accordingly denied the motion to suppress.

The Seventh Circuit in *Packer* reversed the district court's denial of the motion to suppress. The court in *Packer* held that the police failed to meet the minimum threshold requirement of specific and articulable facts sufficient to give rise to a reasonable suspicion that the defendant had committed or was committing a crime. The search that lead to discovery of the shotgun was therefore an impermissible intrusion on the defendant's Fourth Amendment rights and the shotgun must be suppressed.

Likewise, in United States v. *Pavelski*, 789 F.2d 485 (7th Cir. 1986) at issue before the Seventh Circuit was whether the district court erroneously denied the motion to suppress evidence taken from the defendant's car prior to his arrest. The factual scenario in *Pavelski* is analogous to that present in the instant case.

In *Pavelski*, the police saw four (4) men driving in a car bearing out-of –state license plates. Suddenly, the car made an abrupt and sharp right-hand turn. Later, the officer again saw the car carrying the four (4) men. The officer drove alongside the car, but all four occupants of the car avoided making eye contact with the officer. The officer began to follow the car. Then, the car voluntarily pulled into a parking lot. The officer parked behind the car and approached for a field interview. The defendant told the officer that he lived in a different state and was currently lost while trying to find his friend's house. The defendant produced a valid out-of-state driver's license. The officer observed one of the passengers was becoming extremely nervous and perspiring. The officer asked the other occupants in the car for identification, but they said their identification was stolen the previous day. The officer ordered everyone out of the car. The officer searched the car and recovered a loaded semi-automatic rifle and a loaded .357 caliber revolver. The officer arrested all four (4) men after finding the weapons.

The district court denied the motion to suppress evidence. The defendants were found guilty of armed robbery.

On appeal, the Seventh Circuit in *Pavelski* held that the district court committed error by admitting into evidence the guns taken from the car during the unreasonable Terry stop.

Moreover, in United States v. *Posey*, 663 F.2d 37(7th Cir. 1981) at issue before the Seventh Circuit was whether the district court erred by denying the motion to suppress evidence taken from the defendants' car prior to their arrest.

In *Posey*, a police officer observed the defendant driving a car back and forth several times past a bank. The officer was aware that this bank was recently robbed. Which repeatedly driving by, the defendant peered into the bank and at the nearby officer in a suspicious manner. Then, the police stopped the car. A search of the car revealed several guns, including one used in a recent bank robbery. The defense filed a motion to suppress the guns, but the district court found that the defendant's behavior while driving near the bank constituted reasonable grounds for a stop. The district court granted defendant's motion to suppress guns found in the trunk of the car, but denied a motion with respect to the guns found under the front seat.

On appeal, the Seventh Circuit in *Posey* held that the district court erred by not suppressing the guns seized by the police from within the car because the stop of the car was based upon less than reasonable suspicion.

In this case, the police unreasonably stopped the car driven by Ms. Hunter. This seizure was unreasonable because the Peoria police did not see Cory Mosby violating any law. The police did not observe Cory Mosby engaging in any criminal activity.

Per *Packer*, *Pavelski*, and *Posey*, this Honorable Court should suppress this gun and drugs seized during this stop. The Peoria police failed to meet the minimum threshold requirement of specific and articulable facts sufficient to give rise to a reasonable suspicion that Mosby had committed or was committing a crime. The stopping of this car was therefore an impermissible intrusion on Mosby's Fourth Amendment rights and the gun and drugs must be suppressed.

The court stated that Ms. Hunter gave consent to the police to search the car. However, she could not give consent for the search of Mr. Mosby's personal property.

The government failed to prove beyond a reasonable doubt that Mr. Mosby possessed the handgun found in the residence on Gale Street. There was no evidence presented that Mr. Mosby knowingly had the power and intention to exercise direction and control over it either directly or through other.

**WHEREFORE**, Defendant**, CORY MOSBY**, by and through his attorney, CHESTER SLAUGHTER, respectfully requests this Honorable Court to enter an order granting a New Trial.

Respectfully submitted,

s/ Chester Slaughter
Chester Slaughter
Attorney for Defendant Cory Mosby

Chester Slaughter
7318 South Cottage Grove Avenue
Chicago, Illinois 60619
773/846-0500

## CERTIFICATE OF SERVICE

I, Chester Slaughter, an Attorney, certify that on May 11, 2007, I served the Post Trial Motion on the below listed party pursuant to Fed.R.Crim.P.49, L.R.5.5, and the General Order on Electronic Case Filing of the United States District Court for the Central District of Illinois.

                                 Chester Slaughter

Bradley W. Murphy
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, 4th Floor
Peoria, Illinois  61602
309/671-7050