```
 1                UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF ILLINOIS
 2

 3  UNITED STATES OF AMERICA,   ) Docket No. 06-10072
                                )
 4       Plaintiff,             )
    vs.                         ) Peoria, Illinois
 5                              ) August 17, 2007
    CORY D. MOSBY,              )
 6                              )
         Defendant.             )
 7  _____)

 8
                       RECORD OF PROCEEDINGS
 9                      SENTENCING HEARING
             BEFORE THE HONORABLE JOE BILLY MCDADE
10                UNITED STATES DISTRICT JUDGE

11                       THE APPEARANCES

12                    BRADLEY MURPHY, ESQ.
                      Assistant U.S. Attorney
13              One Technology Plaza, Suite 400
                        211 Fulton Street
14                      Peoria, IL  61602
                   On behalf of the Plaintiff
15

16                   CHESTER SLAUGHTER, ESQ.
                  7318 S. Cottage Grove Avenue
17                     Chicago, IL  60619
                   On behalf of the Defendant
18

19

20                   Nancy Mersot, CSR, RPR
             United States District Court Reporter
21                   100 N.E. Monroe Street
                       Peoria, IL  61602
22

23
    Proceedings recorded by mechanical stenography,
24  transcript produced by computer-aided transcription.

25
```

```
 1            (Proceedings were held in open court.)
 2            THE COURT:  All right.  Call the case
 3   please.
 4            THE CLERK:  Now before the Court is the case
 5   of the United States of America v. Cory D. Mosby,
 6   case number 06-10072.
 7            Will counsel please enter their appearances.
 8            MR. MURPHY:  Brad Murphy for the United
 9   States.
10            Good morning, Judge.
11            MR. SLAUGHTER:  Your Honor, Chester
12   Slaughter on behalf of Cory Mosby who is also before
13   the Court this morning.
14            THE COURT:  The record will reflect the
15   presentence of the defendant Cory Mosby who is in
16   custody.
17            As a result of a jury trial on May 3, 2007,
18   the defendant was convicted of three counts of the
19   indictment charging him with possession of crack
20   cocaine with intent to distribute in Count I,
21   possession of a firearm in furtherance of drug
22   trafficking in Count II, and felon in possession of
23   a firearm in 2003.
24            The matter is before the Court today for
25   sentencing.  And in that connection, the Court has
```

```
 1  in hand the Presentence Investigation Report copies
 2  of which were furnished both sides for comment
 3  reflected in the commentary found at page 13 of the
 4  report.  The addendum indicates that the Government
 5  has no objections to the report.
 6           Is that still the case, Mr. Murphy?
 7           MR. MURPHY:  It is, Your Honor.
 8           THE COURT:  And Mr. Slaughter, have you had
 9  a chance to review the Presentence Report with your
10  client?
11           MR. SLAUGHTER:  Your Honor, we did review
12  the Presentence Report and we did contact the
13  Probation Department and told them that we had no
14  objections.
15           THE COURT:  All right.  And which is
16  reflected in the addendum.  And Mr. Mosby, have you
17  had a chance to read the Presentence Report, discuss
18  it with your attorney and you're aware of objections
19  made on your behalf which has been resolved so that
20  now there are no objections to the report; is that
21  still the case?
22           THE DEFENDANT:  Yes, sir.
23           THE COURT:  All right.  The Presentence
24  Report is hereby placed in the record under seal, on
25  appeal counsel shall have access to the sealed
```

1  report but not the recommendation section.
2      There being no unresolved objection to the
3  report by either side, the Court adopts the
4  Presentence Investigation Report without change.
5  The Court finds that the defendant's advisory
6  guideline range is as reflected in the Presentence
7  Report and his total offense level is 38; his
8  Criminal History Category is Roman Numeral II; and
9  the advisory imprisonment range is 262 to 327
10 months.  And by statute, there is a mandatory
11 minimum of 20 years on Count I, and on Count II five
12 years consecutive to any sentence imposed on Count
13 I; supervised release range is eight years on Count
14 I, three to five years on Count II; and a fine range
15 is 25,000 to 8 million on Counts I and III, and
16 4,000 to 40,000 on Count II; restitution is not
17 applicable; and there is a special assessment by
18 statute of $300.
19      Does the Government have any objection to
20 the Court's finding as to the advisory guideline
21 range?
22      MR. MURPHY:  No, Your Honor.
23      THE COURT:  Does defense counsel?
24      MR. SLAUGHTER No, Your Honor.
25      THE COURT:  Anything in aggravation by

1  Government?
2         MR. MURPHY:  No, Your Honor.  We don't have
3  evidence.
4         THE COURT:  Any mitigation, Mr. Slaughter?
5         MR. SLAUGHTER:  Nothing other than what we
6  brought out during the course of the final pretrial.
7         THE COURT:  Government comment on
8  sentencing?
9         MR. MURPHY:  The posture of this case is
10 somewhat unusual in a couple of respects.  The first
11 respect is that we have three counts, one of which
12 is driven by the guideline calculation, one of which
13 is driven by a mandatory minimum, and the third one
14 which is essentially a concurrent type sentence to
15 be imposed.  But the other and more striking aspect
16 from the Government's point of view is that we are
17 dealing in this case with some enormous numbers,
18 Judge.  We are dealing with enormous amounts of
19 crack cocaine as well, of course.  But, the position
20 I'm in of the recommendation I make and at least in
21 part the position this court is in today because of
22 mandatory minimum, we are in that position because
23 the defendant Cory Mosby has done nothing to give
24 the Government or you the option of sentencing him
25 to anything less than these very high numbers.

So, my recommendation is on Count I, 262, bottom of the guidelines; Count II, 60 month consecutive sentence; and on Count III, 120 months concurrent. Thank you.

THE COURT: Mr. Slaughter, comment on sentencing.

MR. SLAUGHTER: Your Honor, it is certainly correct that the Court has very little discretion which is completely unfortunate that we have a system where we have people who are very, very well trained, who are outstanding lawyers, then we make them judges, then we say pretty much just do it the way the computer tells you to do it.

For Mr. Mosby it's doubly unfortunate that he's looking at these huge numbers. He's 27 years old. And for the most part, the better part of his life will have him be incarcerated. The most productive years of his life will have him incarcerated.

We would ask the Court to sentence him to the minimum that the Court can do under the guidelines, Your Honor.

THE COURT: Well the law is clear that the Court has no discretion but to sentence the defendant to the mandatory minimums. And the only

way under the law the Court could avoid that consequence is if the defendant had provided substantial assistance for the Government to the point where the Government would have made a motion to the Court asking the Court to sentence the defendant below the mandatory minimum which would give the Court discretion to sentence the defendant in a more considerate faction.  Unfortunately, that has not been done, for whatever reason, so the Court has no choice in this matter but sentence the defendant as provided by law.

In that connection the Court will point out that the defendant's crime and the circumstances of the crime certainly would justify a lengthy sentence but not for the one which the Court feels the mandatory minimums would, would result.  But he was obviously a major dealer in crack cocaine in his personal --  on his person crack cocaine was found. I don't think I've ever had another case where so much crack cocaine was on a person's person along with a substantial amount of cash, a firearm, a scale which would suggest to the Court that the defendant was a dealer in crack cocaine, a major dealer.  And the weapon was also found at his apartment which suggests that the defendant was also

prone to violence in arriving from a need to secure his transactions.

It's unfortunate, as Mr. Slaughter indicated, the defendant is only 27 years old, maybe more now since he's older. And he's going to spend the major part of his life incarcerated. I will hope that the defendant will see fit to provide the Court with an opportunity to exercise its discretion in what a sentence should be but that's the defendant's choice and the Court will not second guess it.

Accordingly, to the -- pursuant to the Sentencing Reform Act of 1984 and consistent with the law providing for mandatory minimums in this case, the defendant Cory D. Mosby is hereby committed to the custody of the Bureau of Prisons for a period of 262 months on Count I, 60 months on Count II to run consecutive to the sentence imposed on Count I, and 120 months on Count III to run concurrent with the sentence imposed on Count I.

The Court would impose a fine of $2,500. And if this amount is unpaid at the time the defendant is incarcerated, he must pay the fine off in equal installments of at least $25 or whatever income he earns while incarcerated. No interest

1 will accrue on the fine.
2         Following release from custody, the
3 defendant will serve an eight year term of
4 supervised release on Count I, a three year term of
5 supervised release on Counts II and III all to run
6 concurrently with each other.
7         Within 72 hours of his release from custody,
8 the defendant must report in person to the Probation
9 Office in the district to which he is released.
10        While on supervised release, the defendant
11 cannot commit another federal, state or local crime,
12 nor possess a controlled substance.  He must submit
13 to one drug test within 15 days of release from
14 imprisonment, and two drug tests thereafter as
15 directed by the Probation Officer.
16        Pursuant to the Justice for All Act of 2004,
17 the defendant must cooperate in the collection of
18 DNA as directed by the Probation Officer or Bureau
19 of Prisons.  In addition to the standard conditions
20 of supervised release recommended by the United
21 States Sentencing Commission, the Court would impose
22 the following special conditions on supervised
23 release:
24        One, the defendant must refrain from any use
25 of alcohol, and he cannot purchase, possess, use,

```
 1  distribute or administer any controlled substance or
 2  any paraphernalia related to any controlled
 3  substance except as prescribed by a physician.
 4          At the direction of the Probation Officer,
 5  he must participant in a program for substance abuse
 6  treatment including not more than six tests per
 7  month to determine whether he's used controlled
 8  substances and/or alcohol.  He must pay for those
 9  services as directed by the Probation Officer.
10          If the defendant is unemployed after the
11  first 60 days of supervised release or if unemployed
12  for 30 days after termination or layoff from
13  employment, he must perform at least 20 hours of
14  community service work each week at the direction of
15  the Probation Officer until he is gainfully employed
16  or reemployed.
17          If the defendant is not obtaining a GED
18  while in prison, he must obtain his GED within the
19  first 12 months of supervised release.
20          And lastly the defendant cannot own,
21  purchase or possess a firearm or ammunition or
22  dangerous weapon.
23          According to law a special assessment of
24  $300 is imposed payable immediately.
25          The Court would recommend to the Bureau of
```

```
 1  Prisons -- well, I just been reminded that I did not
 2  ask the defendant to -- give the defendant
 3  opportunity to make a statement before imposing
 4  sentence.  So I will interrupt my sentencing here
 5  now to advise Mr. Mosby that you do have a right to
 6  make a statement before the Court impose sentence.
 7  I apologize for proceeding without giving you that.
 8  It slipped my mind but you do have a right to make a
 9  statement now and I'm prepared to listen to you.
10          THE DEFENDANT:  I'm all right.  Thank you.
11  I don't to want make no statement.
12          THE COURT:  All right.  Mr. Mosby, do you
13  understand that at this point only the Government
14  can give the Court discretion to sentence you
15  otherwise other than the mandatory minimums by your
16  cooperation?  Do you understand that?
17          THE DEFENDANT:  Yes, sir.
18          THE COURT:  Thank you, sir.
19          Having heard the defendant's statement, the
20  Court would indicate that there is nothing in
21  defendant's statement that would cause the Court to
22  change its sentence that has been announced already.
23          The Court would recommend to the Bureau of
24  Prisons that the defendant serve his sentence in a
25  facility as close to his family in Peoria, Illinois
```

1 as possible.  And one that will allow him to
2 participant in the residential drug abuse program.
3 And one that will maximize his exposure to
4 educational and vocational opportunities.
5       The defendant is hereby advised of his right
6 to appeal his sentence by filing a written notice of
7 appeal within ten days of entry and judgment which
8 will probably be today.  If your attorney is unable
9 or unwilling to file a notice of appeal for you and
10 you wish to appeal, all you have to do is contact
11 the Clerk of this Court and indicate you wish to
12 appeal from your conviction and sentence and the
13 Clerk can prepare and file a notice of appeal for
14 you.  If you cannot pay the cost of an appeal, you
15 can ask for leave to appeal without payment of cost.
16 And if you're found to be eligible, costs can be
17 waived.
18       The defendant is hereby remanded to the
19 custody of the marshal to await execution of
20 sentence.
21       And this hearing is adjourned.
22       MR. MURPHY:  Thank you.
23       (Which were all of the proceedings held on
24       this day.)
25

1    I certify that the foregoing is a correct
2 transcript from the record of proceedings in the
3 above-entitled matter.
4
5
6 s/Nancy Mersot              Date:   2-8-08
7 Court Reporter
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25